

MINUTE ENTRY
BERRIGAN, J.
SEPTEMBER 27, 2000

FAR EASTERN SILO CORPORATION      CIVIL ACTION

VERSUS      NO. 00-104 c/w 00-1539

M/V BAYOU PIQUANT, ETC., ET AL      SECTION "C" (1)

    This matter comes before the Court on motion for partial summary judgment on the issue of liability filed by Far Eastern Silo & Shipping Private Ltd. (Singapore)("Far Eastern"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be DENIED for the following reasons.

    Far Eastern is the owner of the vessel FAR EASTERN PROGRESS which, while moored at a wharf on the Mississippi River at Destrehan, was hit by a flotilla steered by the tug BAYOU PIQUANT, owned by Bayou Fleet, Inc. ("collectively BAYOU PIQUANT").[1] It is undisputed that the operator of the tug had "blacked out," leaving the flotilla without steerage just prior to the allision, and that there was no lookout on the BAYOU

---

    [1]      BAYOU PIQUANT's insurers, RLI Insurance Company join in the opposition.





PIQUANT at all relevant times. The motion seeks partial summary judgment on the liability of the BAYOU PIQUANT based on the presumption of fault against a moving vessel that collides with a stationary object, The Oregon, 158 U.S. 186 (1895); Bunge Corp. v. M/V FURNESS BRIDGE, 558 F.2d 790 (5th Cir. 1977), cert. denied, 435 U.S. 924 (1978), and based on the failure to post a lookout as a violation of the rule of The Pennsylvania, 86 U.S. (19 Wall.) 125 (1874).

The BAYOU PIQUANT does not contest the application of the presumptions, but argues that issues of material fact exist with regard to its rebuttal of the two presumptions. The presumption of fault against a moving vessel requires it to produce evidence showing that it was without fault, that the allision was caused by fault of the stationary object or that the allision was the result of an inevitable accident. M/V FURNESS BRIDGE, 558 F.2d. at 795. The Pennsylvania Rule presumes that a statutory violation, such as the failure to post a lookout, is a cause of collision damage unless the vessel establishes that the violation could not have caused or contributed to the collision. American River Trans Co. v. KAVO KALIAKRA SS, 148 F.3d 446 (5th Cir. 1998).

First, the BAYOU PIQUANT argues that the captain's "blackout" was an "Act of God" and therefore, an inevitable

accident for purposes of the presumption against a moving vessel. With regard to the heavy showing required to support a finding of inevitable accident, "Such vessels must exhaust every reasonable possibility which the circumstances admit and show that in each they did all that reasonable care required." M/V FURNESS BRIDGE, 558 F.2d. at 795.

There is some recognition of this argument in cargo jurisprudence:

> Carriers have never been held responsible for what is called the act of God, which, according to the interpretation of that phrase by Lord Mansfield in the case of Trent & M. Nav. Co. v. Wood, 26 E. C. L. 360, is natural necessity, (as winds and storms, which arise from natural causes,) and is then, of course, not the act of God; but inevitable accident produced by irresistible physical causes is the same thing with the act of God. 'By inevitable accident,' says Judge Story, 'commonly called the act of God, is meant any accident produced by physical causes which are inevitable, -- such as a loss by lightning, storms, perils of the seas, by inundations and earthquakes, or by sudden death or illness.

Bunford v. The VIRGINIA, 3 Cas. 395, 398 No. 1412 (E.D.Va. 1856)(emphasis added). Similarly, the court in The WILKESBARRE, 151 F. 501, 502 (S.D.N.Y. 1907), aff'd, 157 F. 1006 (2d Cir. 1908), stated with regard to a master who became unconscious and fell in an unanticipated first attack:, "As far as the master is concerned, the claimant may be regarded as having established a defence ..." The Court does not construe Far Eastern's

3

invocation of the moving vessel presumption and the vessel's response as challenging the sufficiency of the facts surrounding the captain's fainting, which therefore would present an issue for trial in the event that this spell could have been anticipated.

With regard to the <u>Pennsylvania</u> Rule presumption, BAYOU PIQUANT presents deposition testimony and argument that the timing of the accident precludes a finding that a lookout could have prevented the accident. The Court finds that, for purposes of summary judgment, the vessel has successfully shown the existence of genuine issue of material fact on the issue of whether the lack of a lookout could have caused or contributed to the accident. However, the Court declines the opportunity offered by the moving vessel interests to recognize a duty of a properly-moored vessel to post a lookout in anticipation of accidents such as this.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment on the issue of liability filed by Far Eastern Silo & Shipping Private Ltd is DENIED.

**The parties are ur~~ged to~~ pursue amicable resolution of this matter.**

4